1 | Lisel M. Ferguson (Bar No. 207637)
lmf@procopio.com
2 | Kathleen A. Brown (Bar No. 145255)
kap@procopio.com
3 | PROCOPIO, CORY, HARGREAVES
& SAVITCH LLP
4 | 525 B Street, Suite 2200
San Diego, California 92101
5 | Telephone:  (619) 238-1900
Facsimile:  (619) 235-0398
6 |
7 | Attorneys for Plaintiff
EQUOTE, a California corporation
8 |

~FILED

10 JUL 29 PM 1: 58

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

9 |           UNITED STATES DISTRICT COURT FOR THE

10 |           SOUTHERN DISTRICT OF CALIFORNIA

11 | EQUOTE, a California corporation,

12 |           Plaintiff,

13 | v.

14 |

15 | LEV BARINSKY, an individual;
INSURANCEAGENTS.COM, LLC, an
16 | Ohio limited liability company;
INSURANCELEADZ.COM, LLC, an
17 | Ohio limited liability company;
INSURANCE CONSULTANTS, LLC, an
18 | Ohio limited liability company,

19 |           Defendants.

Case No.: '10 CV 1588 DMS    AJB

COMPLAINT FOR:
(1) **TRADEMARK INFRINGEMENT 15 U.S.C. § 1114;**
(2) **UNFAIR COMPETITION UNDER THE LANHAM ACT 15 U.S.C. §§ 1114, 1125(a);**
(3) **INJUNCTIVE RELIEF UNDER THE LANHAM ACT 15 U.S.C. § 1116;**
(4) **UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17790, AND**
(5) **NEGLIGENT INTERFERENCE WITH ECONOMIC RELATIONS**

**(Trademark infringement)**

[PLAINTIFFS DEMAND JURY TRIAL PER F.R.C.P. 38]

23 |           Plaintiff EQUOTE (hereinafter referred to as "Plaintiff" or "EQUOTE") alleges as

24 | follows:

25 |                              **JURISDICTION**

26 |           1.      This action arises under the Lanham Act, 15 U.S.C. §§ 1121, 1116, 1125a,

27 | and 1125(d), *et seq.*, and related claims.  Accordingly, this Court has jurisdiction of this

28 |

                              COMPLAINT

1  civil action under and by virtue of 28 U.S.C. §§ 1331, 1338(a) and 1338(b) and pursuant
2  to the doctrine of supplemental jurisdiction.

3      2.      This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 as there is
4  complete diversity between Plaintiff and Defendants, and the amount in controversy
5  exceeds the sum of $75,000.

6                          **VENUE**

7      3.      Venue in this action properly lies in the Southern District of California
8  under 28 U.S.C. §§ 1391 and 1400(a) as the Defendants sell services to clients within
9  California and this judicial district, the Defendants have conducted business, published
10 websites and have derived significant income from the sale of services to the public
11 within this judicial district.

12                      **THE PARTIES**

13     4.      Plaintiff, EQUOTE, is, and at all times herein mentioned was, a corporation
14 duly organized and existing under and by virtue of the laws of the State of California with
15 its principal place of business in the County of San Diego, State of California.

16     5.      Plaintiff is informed and believes, and based thereon alleges, that Defendant
17 LEV BARINSKY ("BARINSKY") is, and at all times herein mentioned was, an
18 individual residing in Columbus, Ohio and conducting business nationwide.

19     6.      Plaintiff is informed and believes, and based thereon alleges, that Defendant
20 INSURANCEAGENTS.COM, LLC ("INSURANCEAGENTS") is, and at all times
21 mentioned herein was, a limited liability company duly organized and existing under and
22 by virtue of the laws of the State of Ohio, and conducting business nationwide.

23     7.      Plaintiff is informed and believes, and based thereon alleges, that Defendant
24 INSURANCELEADZ.COM, LLC ("INSURANCELEADZ") is, and at all times
25 mentioned herein was, a limited liability company duly organized and existing under and
26 by virtue of the laws of the State of Ohio, and conducting business nationwide.

27     8.      Plaintiff is informed and believes, and based thereon alleges, that Defendant
28 INSURANCE CONSULTANTS, LLC ("INSURANCE CONSULTANTS") is, and at all

-2-
COMPLAINT

115001/000002/1230873.02

1  times mentioned herein was, a limited liability company duly organized and existing

2  under and by virtue of the laws of the State of Ohio, and conducting business nationwide.

3  All named defendants will be collectively referred to herein as "Defendants."

4                          **BACKGROUND FACTS**

5           9.      Since February 9, 2000, Plaintiff has continuously provided insurance

6  brokerage and agency services.  Plaintiff provides online access to life insurance, long-

7  term care insurance, general insurance, property insurance, casualty insurance, disability

8  insurance, and annuities services.  Plaintiff's services are offered and sold under the

9  trademark "Equote."  Plaintiff is recognized by the consuming public under its "Equote"

10 trademark as an insurance service provider.   Plaintiff offers and sells its services

11 nationwide.

12          10.     Plaintiff has not only used its mark and name "Equote" (sometimes referred

13 to as its "Trademark") to brand its services; it has offered and created a unique website,

14 and prepared marketing material and press releases for its services sold under its

15 Trademark.  Plaintiff has also utilized its Trademark extensively in television segments,

16 newspaper articles, on the radio, at awards ceremonies, in front of groups during talks at

17 conventions, in PowerPoint presentations, on DVD's, in trade magazine articles and ads,

18 and at charity events.  Plaintiff has spent over ten years promoting its insurance services

19 and utilizing its Equote trademark.

20          11.     Throughout the United States, Plaintiff has promoted itself under its

21 Trademark as a provider of insurance services by using its Trademark on its building, on

22 signage, in documents, on business cards, in ads, and in connection with networking

23 groups and in conversation.  The consuming public associates Plaintiff's Trademark with

24 its services.

25          12.     Plaintiff has been continuously utilizing its Trademark for insurance

26 services in commerce since February 2000.

27          13.     Plaintiff owns two United States Patent and Trademark Office ("USPTO")

28 registrations for the mark "Equote."  The first is Reg. No. 3,487,361 and the second is

COMPLAINT

115001/000002/1230873.02

1  Reg. No. 3,669,303.  Both registrations recite a date of first use in commerce of February

2  2000.

3      14.  Defendants are using the mark "Equote" on all of their websites and in their

4  domain names.  Defendants have at least four domain names that contain the mark

5  "Equote."  The domain names are: (1) www.equotelifeinsurance.com;

6  (2) www.equotehealthinsurance.com; (3) www.equotecarinsurance.com; and

7  (4) www.equotehomeinsurance.com (collectively, the "Infringing Marks").  Defendants

8  are using the Infringing Marks to market and sell insurance services that are identical to

9  those offered and sold by Plaintiff under its Equote trademark.

10      15.  Plaintiff is informed and believes, and thereon alleges that the Defendants

11  have passed their services off in a manner calculated to deceive Plaintiff's customers and

12  members of the general public, and that Defendants have copied Plaintiff's Trademark in

13  an effort to confuse the public into believing that Defendants and Plaintiff are one and the

14  same, or that Defendants are connected in some way to Plaintiff.

15      16.  Plaintiff has sent a cease-and-desist request to Defendants and asked

16  Defendants to cease the use of the name "Equote" as it is confusingly similar to Plaintiff's

17  Trademark.  Defendants have not ceased from using the mark.

18      17.  Many of Plaintiff's customers, and potential customers, have already

19  complained to Plaintiff stating that they were confused as to the difference between

20  Plaintiff and Defendants' services.  These clients wanted to know if Defendants and

21  EQUOTE were in business together because the services seemed the same.  EQUOTE has

22  likely already lost sales to Defendants.

23      18.  The natural, probable and foreseeable result of Defendants' wrongful

24  conduct has been to deprive, and it will continue to deprive, Plaintiff of the benefits of the

25  sale of its services and to deprive Plaintiff of its goodwill, and to injure Plaintiff's

26  relations with present and prospective customers.

27      19.  Plaintiff is informed and believes, and based thereon alleges, that it has lost,

28  and will continue to lose, substantial revenues from Defendants' use of the Mark

-4-

COMPLAINT

"Equote," to market and sell insurance services.  Defendants' wrongful conduct will also deprive Plaintiff of the opportunity of expanding its goodwill.

20.   Plaintiff is informed and believes, and based thereon alleges, that unless enjoined by this Court, Defendants will continue their current course of conduct, wrongfully using, infringing upon, selling and otherwise profiting from Plaintiff's tradename, likeness, and marketing strategies.

21.   As a direct and proximate result of the acts alleged above, Plaintiff has already suffered irreparable damage and lost profits.  Plaintiff has no adequate remedy at law to redress all of the injuries that Defendants have caused and intend to cause by their conduct.  Plaintiff will continue to suffer irreparable damage and sustain loss of profits until Defendants' actions alleged above are enjoined by this Court.

22.   As a direct and proximate result of the acts alleged above, Plaintiff seeks damages to compensate it for lost profits and loss of goodwill that Defendants have caused.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement [15 U.S.C. § 1114])

23.   Plaintiff hereby incorporates paragraphs 1 through 22 above by reference as though fully set forth herein.

24.   The actions of Defendants described herein constitute infringement of the "Equote" Trademarks in violation of section 32(b) of the Lanham Act, 15 U.S.C. § 1114(1).

25.   Defendants' willful, deliberate and unauthorized use of the "Equote" Trademark has caused confusion and is likely to continue causing confusion, mistakes and deception because consumers are likely to believe that Defendants' services are associated with, connected to, affiliated with, authorized by, endorsed by, and/or sponsored by EQUOTE, in violation of Section 32(b) of the Lanham Act, 15 U.S.C. § 1114(1).

26.   As a direct and proximate result of Defendants' unauthorized use of the

-5-

COMPLAINT

115001/000002/1230873.02

1  "Equote" Trademark, Defendants have damaged and will continue to damage Plaintiff's
2  goodwill and reputation, and have caused and are likely to continue causing Plaintiff a
3  loss of sales and profits.  Defendants' actions have caused and will continue to cause
4  irreparable harm to Plaintiff and to the public, who is confused by Defendants'
5  unauthorized use of the "Equote" Trademark, unless restrained and enjoined by this
6  Court.  Plaintiff has no adequate remedy at law to prevent Defendants from continuing
7  their infringing actions and from injuring Plaintiff.

8      27.    As a further direct and proximate result of Defendants' actions, Plaintiff has
9  been damaged and will continue to sustain damage and is entitled to receive
10  compensation arising from its lost sales, lost profits, and efforts necessary to minimize
11  and/or prevent customer confusion, in an amount to be proven at the time of trial.  In
12  addition, Plaintiff is entitled to disgorge Defendants' profits, and is entitled to interest and
13  to its attorney's fees and costs incurred bringing this action, all in an amount to be proven
14  at the time of trial.  Plaintiff is further entitled to injunctive relief as set forth above, and
15  to all other and further forms of relief this Court deems appropriate.

16      28.    The damages sustained by Plaintiff as a result of the conduct alleged herein
17  should be trebled in accordance with 15 U.S.C. § 1117(b).

18                          **SECOND CLAIM FOR RELIEF**

19          **(Unfair Competition Under Lanham Act [15 U.S.C. § 1125(a)])**

20      29.    Plaintiff incorporates by reference paragraphs 1 through 28 herein above as
21  though the same were set forth in full herein.

22      30.    Plaintiff provides high quality insurance services.

23      31.    Defendants provide identical and similar services using the same name,
24  "Equote" on their websites and in their domain names.  The services provided by
25  Defendants under their Infringing Marks will confuse and deceive the public into thinking
26  that the services sold by Defendants are Plaintiff's services, or that there is some
27  connection or affiliation between Plaintiff and Defendants.

28      32.    Defendants have placed the Infringing Services in interstate commerce.

-6-

COMPLAINT

33.   As a result of Defendants' acts, Plaintiff will continue to suffer harm and will lose income from the sale of those services diverted away by Defendants.  Further, Plaintiff will lose goodwill because of the potentially poor quality of Defendants' services and advertisements used in connection with Defendants' Infringing Services.  Moreover, Defendants' Infringing Services are likely to be inferior to those offered by Plaintiff, which will reflect negatively on Plaintiff, thus harming Plaintiff's business reputation.  As a direct and proximate result of Defendants' unlawful conduct, Plaintiff will be damaged, and is thus entitled to relief in an amount to be determined according to proof at the time of trial.

## THIRD CLAIM FOR RELIEF

### (Injunctive Relief Under Lanham Act [15 U.S.C. § 1116])

34.   Plaintiff incorporates by reference paragraphs 1 through 33 herein above as though the same were set forth in full herein.

35.   Plaintiff is informed and believes, and based thereon alleges, that Defendants knowingly and willfully copied and are using Plaintiff's Trademark and service likeness including similar advertising text.  Plaintiff is further informed and believes, and based thereon alleges, that Defendants copied the tradename for the specific purposes of infringing upon Plaintiff's Trademark "Equote" and falsely designating Plaintiff's services as their own.

36.   Unless enjoined by this Court, Defendants intend to and will continue their course of conduct, wrongfully advertising, using, infringing upon, selling and otherwise profiting from Plaintiff's Trademark and product likeness.  As a direct and proximate result of the acts of Defendants, Plaintiff will suffer irreparable damage and will sustain lost profits.  Plaintiff will lose the benefit of the advertising and goodwill for which Plaintiff has expended large sums of money, time and effort promoting during the past nine years, and Plaintiff will also lose large sums of money in diverted business.

37.   Plaintiff has no adequate remedy at law to address all of the injuries Defendants have caused, and intend to cause by their conduct.  Plaintiff will suffer

COMPLAINT

1  irreparable damage and sustain loss of profits until Defendants' actions alleged herein are

2  enjoined by this Court.

### FOURTH CLAIM FOR RELIEF

**(Unfair Competition and Tradename Infringement California Business and**

**Professions Code § 17790)**

6       38.    Plaintiff incorporates by reference paragraphs 1 through 37 herein above as

7  though the same were set forth in full herein.

8       39.    This is a cause of action under California state law pursuant to the Business

9  and Professions Code § 17790.

10       40.    While continuously using the Trademarks for "Equote" in the United States

11  for ten years, Plaintiff has developed valuable goodwill in its Trademarks, which have

12  come to be associated exclusively with Plaintiff's business by the general public

13  throughout the United States.

14       41.    At all times herein mentioned, Defendants had actual knowledge of the

15  existence of Plaintiff's use of its Trademarks.

16       42.    Defendants' service name websites and domain names are deceptively

17  similar to Plaintiff's name and Trademarks.  The use of these deceptively similar names

18  by Defendants caused and will continue to cause the public, prospective customers,

19  creditors, suppliers and others to confuse Plaintiff with Defendants and vice versa.

20  Plaintiff has made demand on Defendants to cease and desist using the name "Equote,"

21  but Defendants have continued to use this name despite Plaintiff's demand and will

22  continue unless enjoined by this Court.

23       43.    Plaintiff is the original user and owner of the Trademark "Equote" for

24  insurance services and the name has acquired, in the minds of the purchasing public, a

25  secondary meaning apart from its primary and descriptive significance.  It has also

26  become a distinctive tradename denoting to the eye and mind of the public a level of care,

27  skill, industry, reliability, and individuality resulting in a reputation for excellence and

28  high quality insurance services throughout the United States.  Due to such reputation and

-8-

COMPLAINT

1    public awareness, Plaintiff has established considerable goodwill in connection with the

2    Trademark "Equote".

3         44.    Defendants essentially sell the same services as Plaintiff.   Defendants'

4    service name, "Equote" is identical to Plaintiff's name, and Defendants' use of that name

5    creates a likelihood that Plaintiff's current customers, potential customers, and the general

6    public will be confused or misled as to the source of goods or services because

7    Defendants' business is identical to or appears to be affiliated with Plaintiff.  Defendants'

8    conduct amounts to unfair competition prohibited by the California Business and

9    Professions Code.

10        45.    Defendant threatens to, and unless restrained, will continue to use the mark

11   "Equote."  As a result, the general public will be misled and deceived into believing that

12   Defendants are Plaintiff or that there is an affiliation with Plaintiff, all to the irreparable

13   injury of Plaintiff's business and goodwill, and to the unjust enrichment of Defendants.

14   Plaintiff has no adequate remedy at law because it is extremely difficult to ascertain the

15   damage proximately caused to Plaintiff's business and goodwill.

16                    **FIFTH CLAIM FOR RELIEF**

17            **(Negligent Interference with Economic Relations)**

18        46.    Plaintiff incorporates by reference paragraphs 1 through 45 herein above as

19   though the same were set forth in full herein.

20        47.    Plaintiff provides high-end services which it markets to the public.

21   Plaintiff's services are well developed and researched, and are highly regarded.  Plaintiff

22   has extensive experience and involvement with the insurance industry.

23        48.    Plaintiff derives much of its income from repeat business from its

24   customers.  Once a party uses Plaintiff's services, they generally return in the future.

25   Plaintiff reasonably relies on this return business for much of its income.  Plaintiff's

26   ability to earn the overhead and profit generated by these relationships will be directly

27   affected by Defendants' interference with Plaintiff's customers.

28        49.    Defendants know that Plaintiff is engaged in the business of insurance

-9-

COMPLAINT

services nationwide, to a varied clientele.  Based on information and belief, Defendants also have and have had knowledge of the terms and conditions of the contracts and relationships between Plaintiff and its customers.

50.   Despite said knowledge, Defendants have negligently obstructed and interfered with Plaintiff's right to conduct business, and the profit generated thereby, thus affecting Plaintiff's ability to successfully operate its business.

51.   As a direct and proximate result of Defendants' unlawful conduct, Plaintiff will be damaged, and is thus entitled to relief in an amount to be determined according to proof at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

**ON THE FIRST CAUSE OF ACTION:**

1.   For actual damages according to proof at trial;

2.   For damages for lost profits and goodwill in a sum according to proof at trial pursuant to 15 U.S.C. § 1125;

3.   For attorney's fees for wrongful willful and deliberate action under 17 U.S.C. § 1051, et seq.;

4.   For costs of suit incurred herein; and

5.   For such other and further relief as the Court deems just and proper.

**ON THE SECOND CAUSE OF ACTION:**

1.   That Defendants, their agents, servants, officers, directors, employees, representatives and each of them, be enjoined during the pendency of this action and permanently thereafter from using the mark "Equote" in any manner, and from the following activities;

2.   Soliciting and/or selling products or services by the name of "Equote";

3.   Using the "Equote" trademark or product likeness; and

4.   Publishing or distributing advertisements or articles using the term

-10-

COMPLAINT

1  "Equote."

2  **ON THE THIRD THROUGH FIFTH CAUSES OF ACTION**

3       1.    For general and special damages in a sum according to proof at trial;

4       2.    For an award of damages equal to the profit realized from Defendants'

5  conduct, as alleged;

6       3.    For prejudgment interest thereon according to law;

7       4.    For punitive damages pursuant to Civil Code § 3294;

8       5.    For costs of suit incurred herein; and

9       6.    For such other and further relief as the Court deems just and proper.

10

11  DATED:    July _29_, 2010       PROCOPIO, CORY, HARGREAVES &

12                                        SAVITCH LLP

13

14                                  By: _____

15                                      Lisel M. Ferguson
                                       Kathleen A. Brown

16                                      Attorneys for Plaintiff
                                       EQUOTE, a California corporation

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| EQUOTE, a California corporation, | LEV BARINSKY, an individual; INSURANCEAGENTS.COM, LLC, an Ohio limited liability company; INSURANCELEADZ.COM, LLC, an Ohio limited liability company; INSURANCE CONSULTANTS, LLC, an Ohio limited liability company, |

**(b)** County of Residence of First Listed Plaintiff __California__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant __Ohio__
(IN U.S. PLAINTIFF CASES ONLY)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Lisel M. Ferguson (Bar No. 207637)
PROCOPIO, CORY, HARGREAVES
& SAVITCH LLP
530 B Street, Suite 2100
San Diego, California 92101
Telephone:   (619) 238-1900 Facsimile: (619) 235-0398

Attorneys (If Known)

'10 CV 1588 DMS    AJB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                  and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities — Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | Transferred from | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §§ 1114, 1125(a)

Brief description of cause:
Trademark Infringement and Unfair Competition

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23        DEMAND $        CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):        JUDGE                DOCKET NUMBER

DATE
July 29, 2010

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  16390    AMOUNT  $350    APPLYING IFP    JUDGE    MAG. JUDGE

American LegalNet, Inc.
www.FormsWorkflow.com

JS 44 Reverse  (Rev. 12/07)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

     (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

     (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:     U.S. Civil Statute: <u>47 USC 553</u>
                                         Brief Description: <u>Unauthorized reception of cable service</u>

VII.     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.     **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.
**Date and Attorney Signature.** Date and sign the civil cover sheet.

American LegalNet, Inc.
www.FormsWorkflow.com

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS016390
Cashier ID: bhartman
Transaction Date: 07/29/2010
Payer Name: KNOX ATTORNEY SERVICES
--------------------------------
CIVIL FILING FEE
 For: EQUOTE V BARINKSY ET AL
 Case/Party: D-CAS-3-10-CV-001588-001
 Amount:        $350.00
--------------------------------
CHECK
 Check/Money Order Num: 9031
 Amt Tendered:  $350.00
--------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```